S. M. NOBLE, Admr. *v.* F. D. KOONCE and others.

*Practice — Taxation of Costs.*

In a proceeding to make real estate assets, where the defendants set up title to the land in controversy which issue is found against them ; *Held,* that the costs of the proceeding (except those of filing the petition) are properly taxable against the defendants.

MOTION to retax Costs, heard at Fall Term, 1876, of ONS-LOW Superior Court, before *McKoy, J.*

In a Special Proceeding before the Clerk of said Court to make the lands of the plaintiff's intestate, John Mills, assets for the payments of his debts, the defendants set up title to said land and were made parties. On the trial of the question of title the jury found that the deed under which defendants claimed was fraudulent. Thereupon at Spring Term, 1876, there was judgment for the plaintiff and also a decree for the sale of the land for assets. The costs for fil-

ing the petition to sell the land were taxed against the plaintiff, and the costs of the proceeding from the time that defendants resisted the petition to the termination of the suit were taxed against the defendants. His Honor refused to disturb the judgment heretofore rendered and over-ruled the motion to retax the costs. Appeal by defendants.

*Messrs. Merrimon, Fuller & Ashe* and *H. R. Kornegay*, for plaintiff.

*Messrs. A. G. Hubbard* and *Battle & Mordecai*, for defendants.

FAIRCLOTH, J. It is a rule that the party's costs in an action is taxed with the costs unless otherwise ordered by the Court. The costs in special proceedings shall be as herein allowed in civil actions, unless when otherwise specially provided. C. C. P. ch. 17, § 294. Costs shall be allowed of course to the plaintiff in an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the Court to come in question at the trial. C. C. P. ch. 17, § 276, (1.)

These provisions applied to the present case show that the defendants are liable for the costs of which they complain, and we think His Honor properly taxed them with that portion of the cost which would not have been incurred but for their attempt to set up title in themselves by a fraudulent deed to the premises in controversy.

The attempt by the defendants to show title was an experiment, and even if made *bona fide,* in the event of failure they would be liable for the *whole* costs of the effort without any regard to the value of property acquired by them by inheritance, devise, bequest or distribution from their decedent, as that rule applies against the debts of the decedent and not against their own liabilities.

There is no allegation before us that the Clerk failed to apportion the costs according to the order of the Court.

No error.   Let this be certified.

PER CURIAM.                                    Judgment affirmed.